UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

VIVIAN BURNS,

    Plaintiff,

v.

INTERNATIONAL BUSINESS MACHINES CORPORATION,

    Defendant.

Case No. C20-1555RSM

ORDER DENYING MOTION FOR RULE 11 SANCTIONS

    This matter comes before the Court on a Motion for Rule 11 Sanctions filed by Plaintiff Vivian Burns. Dkt. #27. Ms. Burns asserts that Defendant's counsel's arguments in support of dismissal and in opposition to granting leave to amend are legally and/or factually baseless, and that Defendant's attorneys have not turned over all documents in discovery. *Id.* Much of her Motion contains substantive arguments against Defendant IBM on her underlying claims of discrimination.

    Rule 11 of the Federal Rules of Civil Procedure states, in pertinent part: "[b]y presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney… certifies to the best of the person's knowledge information,

ORDER DENYING MOTION FOR RULE 11 SANCTIONS - 1

and belief, formed after an inquiry reasonable under the circumstances: 1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; 2) the… legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; [and] 3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery…" Fed. R. Civ. P. 11(b).  If the Court determines, after notice and a reasonable opportunity to respond, that the above rule has been violated, the Court may impose an appropriate sanction on any attorney that violated the rule or is responsible for the violation.  Fed. R. Civ. P. 11(c)(1).  "Rule 11 is an extraordinary remedy, one to be exercised with extreme caution." *Operating Eng'rs. Pension Trust v. A-C Co.*, 859 F.2d 1336, 1345 (9th Cir. 1988).

Parties must follow the "strict procedural requirements" when moving for sanctions under Rule 11.  *Radcliffe v. Rainbow Constr. Co.*, 254 F.3d 772, 788 (9th Cir. 2001).  Rule 11(c)(2) states that the motion for sanctions "must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets."  The Ninth Circuit has made clear that the purpose of Rule 11(c)'s safe harbor provision "is to give the offending party the opportunity . . . to withdraw the offending pleading and thereby escape sanctions." *See Barber v. Miller*, 146 F.3d 707, 710 (9th Cir. 1998).  Rule 11 "does not apply to disclosures and discovery requests, responses, objections, and motions under Rules 26 through 37." Fed. R. Civ. P. 11(d).

As an initial matter, the Court concludes that Ms. Burns has not provided Defendant with 21-days' notice of her intent to file this Motion as required by Rule 11(c)(2).  *See* Dkt. #31 at 1.

ORDER DENYING MOTION FOR RULE 11 SANCTIONS - 2

This alone justifies denial of the instant Motion, however the Court will rule on the substantive allegations to provide clarity to the parties.

To the extent Ms. Burns raises discovery disputes, this rule does not apply. Fed. R. Civ. P. 11(d). The remainder of the Motion attacks Defendant's legal and factual arguments in briefing. Ms. Burns may very well be correct in some of her legal and factual assertions, on the other hand Defendant may be correct, or a jury may need to decide. A Rule 11 Motion is not the mechanism to convince the Court of the strength of her arguments. The Court will rule on pending Motions at a later time. The Court finds Ms. Burns has not demonstrated any improper purpose on behalf of defense counsel, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation. Ms. Burns has not demonstrated that Defendant's legal contentions are unwarranted by existing law, that its factual contentions lack any evidentiary support, or that the extraordinary remedy of Rule 11 sanctions is otherwise justified.

Accordingly, having considered the briefing from the parties and the remainder of the record, the Court hereby finds and ORDERS that the Motion for Rule 11 Sanctions filed by Plaintiff Vivian Burns, Dkt. #27, is DENIED.

DATED this 28th day of October, 2021.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER DENYING MOTION FOR RULE 11 SANCTIONS - 3