UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VIVIAN BURNS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION,<br><br>　　　　Defendant. | Case No. C20-1555RSM<br><br>ORDER DENYING MOTION FOR NEW TRIAL AND REQUEST FOR RELIEF UNDER RULES 59 AND 60 |

　　　This matter comes before the Court on Plaintiff Vivian Burns's "Motion for New Trial." Dkt. #52. The Court granted summary judgment dismissal of this case on November 29, 2021. Dkts. #49 and #50. Ms. Burns now moves for relief under Rules 59 and 60. Because there has not been a trial in this case, the Court interprets Ms. Burns's Motion as seeking relief under Rules 59(e) and 60(b). Ms. Burns argues that she has new evidence, previously withheld by defense counsel until uploaded to an FTP server on October 27, 2021. Dkt. #52 at 4. Ms. Burns argues that IBM has misrepresented facts related to the upload date of this evidence. She argues that such evidence would cause a jury to rule in her favor. *Id*. Ms. Burns appears to allege that IBM's legal team interfered with her ability to claim short term disability benefits.

ORDER DENYING MOTION FOR NEW TRIAL AND REQUEST FOR RELIEF
UNDER RULES 59 AND 60 - 1

Defendant International Business Machines Corporation ("IBM") views the situation differently:

> Burns filed her own summary judgment motion on October 26, 2021. *See* Dkt. Nos. 39 and 40. Whether she was ill on October 27, 2021, as she now claims, see Dkt. No. 52 at 4, IBM previously had produced 1,241 documents to Burns on April 12, 2021, and 659 pages of ESI to Burns on September 7, 2021. See Dkt. Nos. 48 and 48-1. As of September 7, 2021, Burns had in her possession all the exhibits that she included with her First Supplemental to Plaintiff's Motion for Summary Judgment. *See* Dkt. Nos. 51, 51-1, and 51-2. Through no fault on IBM's part, it took Burns more than two months—November 10, 2021, to be exact—until she finally accessed the 659 pages of ESI. *See* Dkt. Nos. 48 and 48-1.4
>
> Burns fails to mention anywhere in her motion that, during the time she was allegedly ill, she accessed IBM's production of 659 pages of ESI on November 10, 2021. *See* Dkt. Nos. 48 and 48-1. She filed a 15-page Opposition to Defendant's Motion for Summary Judgment on November 16, 2021. *See* Dkt. No. 45. And she also filed nine pages of exhibits in support of her Opposition to Defendant's Motion for Summary Judgment on November 16, 2021. See Dkt. No. 45-1. Clearly, any illness, *see* Dkt. No. 52 at 3, did not prevent her from litigating her case.

Dkt. #55 at 3–4. IBM maintains that Ms. Burns was informed of the noting date for its Motion for Summary Judgment, and that "[i]nadvertence, ignorance of the rules, and mistakes construing the rules generally do not constitute excusable neglect," even for *pro se* litigants. *Id.* at 4 (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993); *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997)).

A district court has considerable discretion when considering a motion to alter or amend a judgment under Rule 59(e). *Turner v. Burlington N. Santa Fe R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003). A motion for relief from judgment under Rule 59(e) should be granted when the Court: "(1) is presented with newly discovered evidence; (2) committed clear error or the initial decision was manifestly unjust; or (3) if there is an intervening change in the controlling law." *In*

ORDER DENYING MOTION FOR NEW TRIAL AND REQUEST FOR RELIEF
UNDER RULES 59 AND 60 - 2

*re Syncor ERISA Litigation*, 516 F.3d 1095, 1100 (9th Cir. 2008) (citation omitted).  Vacating a prior judgment under Rule 59(e) is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources."  *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003).

Rule 60(b) provides that a court may relieve a party from a final judgment, order, or proceeding for any of the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Ms. Burns does not raise any argument that this Court committed a manifest error of law or fact or that this Court committed a manifest injustice.  Instead, she clearly moves for this relief based on newly discovered evidence.  *See, e.g.,* Dkt. #52 at 2 ("[t]he Court entered judgment on November 29, 2021 without considering the newly discovered evidence").  She also argues that she suffered from an illness in December, 2021, and that this explains why she "made the mistake of thinking [she] could file the documents prior to the hearing date…" *Id*. at 3.  She characterizes this as "excusable neglect, making this decision without proper oxygen for adequate brain function." *Id*.  Ms. Burns is explicitly "not raising any new claims." *Id*.

The Court has reviewed the briefing submitted by the parties and Ms. Burns' supplemental material.  The Court is convinced that Ms. Burns is citing to evidence made available to her previously in the discovery phase of this case.  Ms. Burns has failed to

ORDER DENYING MOTION FOR NEW TRIAL AND REQUEST FOR RELIEF
UNDER RULES 59 AND 60 - 3

demonstrate that she did not have access, with reasonable diligence, to this material prior to filing for summary judgment and responding to IBM's Motion for Summary Judgment. She did not file a timely discovery motion concerning alleged discovery abuses, or a motion raising this issue after accessing the materials but prior to the Court's Order dismissing her claims. Given all of the above, she has failed to demonstrate diligence or otherwise justify the Court's consideration of new evidence at this stage.

Even if the Court were to consider this evidence, it does not change the basic facts relied on by the Court to dismiss her claims, including her own deposition testimony. As IBM puts it, and the Court agrees, "none of this evidence is of such magnitude that production of it earlier would have been likely to change the disposition of this case…. Burns still has not presented any admissible evidence to prove that a disability and/or age was 'the reason' IBM terminated her employment in 2019." Dkt. #55 at 9. Rules 59 and 60 do not open the door to re-litigating issues previously before the Court, or to introduce new issues. Given all of the above, this Motion will be denied.

Having considered the briefing from the parties and the remainder of the record, the Court hereby finds and ORDERS that Plaintiff Vivian Burns's "Motion for New Trial," Dkt. #52, is DENIED. This case remains CLOSED.

DATED this 5th day of January, 2022.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE