UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

VIVIAN BURNS,

    Plaintiff,

    v.

INTERNATIONAL BUSINESS MACHINES CORPORATION,

    Defendant.

Case No. C20-1555RSM

ORDER DENYING MOTION FOR RECONSIDERATION

       This matter comes before the Court on Plaintiff Vivian Burns's "Motion for Substantive Due Process and an Evidentiary Hearing." Dkt. #63. On November 29, 2021, the Court granted summary judgment dismissal of all of Plaintiff's claims and closed the case. Dkts. #49 and #50. Ms. Burns moved for relief under Rules 59 and 60, which was denied by the Court. Dkt. #57. Ms. Burns then moved for the Court to appoint counsel. Dkt. #61. The Court denied that request, stating, "[t]he Court will not consider further memoranda or declarations filed in this case that attempt to argue the merits of her dismissed claims." *Id.* at 2.

       In the instant Motion, Ms. Burns seeks an evidentiary hearing to discuss the merits of her dismissed claims. She indicates that she has suffered "a brain injury for lack of oxygen" and has not been able to comprehend the Court's previous rulings. *See* Dkt. #63 at 2. She raises discovery issues previously addressed in the Court's Order denying her Rule 59 and Rule 60 Motion. She accuses the Court of denying her due process by granting Defendant's Motion for Summary Judgment and of stealing her right to trial. Ms. Burns cites no legal basis for her requested relief.

       The Court does not conduct evidentiary hearings in closed cases. Discovery issues are not properly addressed after claims are dismissed. Because Ms. Burns has no clear basis for

ORDER DENYING MOTION FOR RECONSIDERATION - 1

seeking this relief, the Court believes her primary argument is that summary judgment should not have been granted and interprets this Motion as seeking reconsideration of the Court's Order on that subject.  "Motions for reconsideration are disfavored."  LCR 7(h)(1).  "The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence."  *Id*.  "The motion shall point out with specificity the matters which the movant believes were overlooked or misapprehended by the court, any new matters being brought to the court's attention for the first time, and the particular modifications being sought in the court's prior ruling."  LCR 7(h)(2).  The motion shall be filed within fourteen days after the order to which it relates is filed.  *Id.*  No response to a motion for reconsideration shall be filed unless requested by the court.  LCR 7(h)(3).

       The Court needs no response brief from IBM.  The Court finds that a motion for reconsideration is untimely.  Ms. Burns has cited no other legal basis for the Court to reconsider its prior rulings in this closed case.  Even if the Court were to reconsider its rulings, Ms. Burns has put forth no facts or law sufficient to demonstrate manifest error by the Court.

       Having considered the briefing from the parties and the remainder of the record, the Court hereby finds and ORDERS that Plaintiff Vivian Burns's "Motion for Substantive Due Process and an Evidentiary Hearing," Dkt. #63, is DENIED.  This case remains CLOSED.

       DATED this 15th day of February, 2022.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER DENYING MOTION FOR RECONSIDERATION - 2