UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

VIVIAN BURNS,

    Plaintiff,

    v.

INTERNATIONAL BUSINESS
MACHINES CORPORATION,

    Defendant.

Case No. C20-1555RSM

ORDER DENYING MOTION TO REOPEN THE TIME TO FILE AN APPEAL

This matter comes before the Court on Plaintiff Vivian Burns's Motion to Reopen Time for Appeal. Dkt. #67. On November 29, 2021, the Court granted summary judgment dismissal of all of Plaintiff's claims and closed the case. Dkts. #49 and #50. This Order and a judgment were sent to Ms. Burns via U.S. mail. Ms. Burns clearly received them, because she immediately moved for relief under Rules 59 and 60, which was denied by the Court on January 5, 2022. Dkt. #57. Ms. Burns then moved for the Court to appoint counsel. Dkt. #61. The Court denied that request, stating, "[t]he Court will not consider further memoranda or declarations filed in this case that attempt to argue the merits of her dismissed claims." *Id.* at 2.

On February 10, 2022, Ms. Burns moved for an evidentiary hearing to discuss the merits of her dismissed claims. She indicated that she has suffered "a brain injury for lack of oxygen"

ORDER DENYING MOTION TO REOPEN THE TIME TO FILE AN APPEAL - 1

and has not been able to comprehend the Court's previous rulings. *See* Dkt. #63 at 2. She raised discovery issues previously addressed in the Court's Order denying her Rule 59 and Rule 60 Motions. She accused the Court of denying her due process by granting Defendant's Motion for Summary Judgment and of stealing her right to trial. Ms. Burns cited no legal basis for her requested relief. The Court interpreted the filing as a motion for reconsideration, found it to be untimely and without merit, and denied it. Dkt. #64.

Ms. Burns then filed a "2nd Motion for Substantive Due Process and Evidentiary Hearing." Dkt. #65. The Court struck it via minute order as duplicative. Dkt. #66.

The instant Motion was filed on March 9, 2022. Dkt. #67. Ms. Burns states she "was under the belief" that the Court's November 29, 2021, Order granting summary judgment was not a final judgment and that she filed her Rule 59 and Rule 60 motions to "preserve evidence" and "to have exculpatory evidence that was additional and not the same evidence viewed by the court." *Id*. at 1. Ms. Burns explains that she believed a final judgment was not entered because she had the ability to file such motions for "up to a year after judgment is entered." *Id.* at 2. Ms. Burns cites to language mirroring that in Federal Rule of Appellate Procedure 4(a)(6) allowing the reopening of the time to file an appeal.

In a case such as this one, the notice of appeal must be filed within 30 days after entry of the judgment or order being appealed. Federal Rule of Appellate Procedure 4(a)(1). That deadline can be extended to 30 days after the order disposing of a Rule 59 or Rule 60 motion. Furthermore, Federal Rule of Appellate Procedure 4(a)(6) states:

> Reopening the Time to File an Appeal. The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:

ORDER DENYING MOTION TO REOPEN THE TIME TO FILE AN APPEAL - 2

(A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77 (d) of the entry of the judgment or order sought to be appealed within 21 days after entry;

(B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77 (d) of the entry, whichever is earlier; and

(C) the court finds that no party would be prejudiced.

This is the rule at issue here. The Court finds that Federal Rule of Appellate Procedure 4(a)(6) is inapplicable here because Ms. Burns did receive notice of the entry of the judgment within 21 days. More than 30 days have passed since the Court's November 29, 2021, Order which clearly disposed of all of Ms. Burns' claims and closed the case. Ms. Burns appeared to understand this when she filed her Rule 59 and Rule 60 Motions. More than 30 days have passed since the Court ruled on those Motions and prior to the filing of the instant Motion. Accordingly, the Court can see no basis to reopen the time to file an appeal.

Having considered the briefing and the remainder of the record, the Court hereby finds and ORDERS that Plaintiff Vivian Burns's Motion to Reopen Time for Appeal, Dkt. #67, is DENIED. This case remains CLOSED.

DATED this 10th day of March, 2022.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER DENYING MOTION TO REOPEN THE TIME TO FILE AN APPEAL - 3