UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

VIVIAN BURNS,

    Plaintiff,

    v.

INTERNATIONAL BUSINESS
MACHINES CORPORATION,

    Defendant.

Case No. C20-1555RSM

MINUTE ORDER

The following MINUTE ORDER is made by direction of the Court, the Honorable Ricardo S. Martinez, Chief United States District Judge: This case has been closed since November of last year. On January 25, 2022, the Court stated it "will not consider further memoranda or declarations filed in this case that attempt to argue the merits of [Plaintiff's] dismissed claims." Dkt. #61 at 2. The Court has denied Rule 59 and Rule 60 motions and a motion for reconsideration filed by Plaintiff. Dkts. #57 and #64. On March 3, 2022, the Court struck Plaintiff's "2nd Motion for Substantive Due Process and Evidentiary Hearing" as duplicative. Dkt. #66. In that Minute Order, the Court stated it "will continue to strike further filings in this case that attempt to argue the merits of Plaintiff's dismissed claims or which seek relief that has already been denied." On March 10, 2022, the Court struck Plaintiff's "Motion for Declaratory Judgment" via Minute Order. Dkt. #70. That Minute Order stated:

MINUTE ORDER - 1

> Declaratory judgment is not available in this closed case. Plaintiff cites to no rule or law permitting her to seek declaratory judgment given the procedural history of this case. Plaintiff's Motion instead is phrased as a series of questions to the Court about its prior rulings, available post-judgment relief, and discovery issues. The Court cannot provide legal advice and has no obligation to answer these questions. To the extent Plaintiff is seeking relief under Rules 59 or 60 that has already been denied, such request is duplicative.

Dkt. #70. The Court warned that "future filings presented for an improper purpose or with frivolous legal contentions may result in sanctions under Federal Rule of Civil Procedure 11."

On March 18, 2022, the Court received a "Complaint" from Plaintiff with the case number C20-1555 RSM in the caption. It was initially unclear if Plaintiff was seeking to open a new case. Further review indicated that this was a "complaint" to the Court about issues in the instant case. The filing sought recusal of Chief Judge Martinez in this or perhaps a future case filed by Plaintiff. Plaintiff reargued the merits of her claims and prior discovery issues. Plaintiff did not cite to any law or rules permitting her requested relief in a closed case. The Court, by Minute Order, struck the "Complaint" as moot. Dkt. #72.

Plaintiff has now filed a "Motion to Vacate Void Judgment for Lack of Subject Matter Jurisdiction and Personal Jurisdiction." Dkt. #73. Plaintiff does not identify some material change to the procedural circumstances of this case and instead reargues the merits of her claims and prior motions. Plaintiff's argument for a lack of subject matter jurisdiction is clearly frivolous. She states she "gave/provided the Court with subject matter jurisdiction to hear the case, 10/16/2020." *Id.* at 1. She says "[a]t all times, Plaintiff met both the statutory and constitutional requirements for Plaintiff's cause of action to be a federal question." *Id.* at 2. She then provides reasons why she disagrees with the Court's rulings in this case and states that "Ricardo Martinez lost jurisdiction over the subject matter when he failed to perform the statutory duty of the federal question of sanctions…" *Id.* at 3. When a Court denies a plaintiff's motion

MINUTE ORDER - 2

or grants a defendant's motion, this does not divest the Court of subject matter jurisdiction. In any event, a motion for reconsideration on the Court's Order denying her motion for Rule 11 sanctions, Dkt. #43, is untimely.

Any argument as to the Court's ongoing jurisdiction is moot because the case is closed. Judge Martinez has no basis to review further motions in this closed case, where the Court believes that every possible post-judgment motion has already been filed. The Court will continue to strike further filings in this case that attempt to argue the merits of Plaintiff's dismissed claims or which seek relief that has already been denied.

Given all of the above, the Court STRIKES this filing, Dkt #73, as duplicative of prior filings, procedurally improper, untimely, and moot.

DATED this 1st day of April, 2022.

RAVI SUBRAMANIAN, Clerk

By:   /s/ Serge Bodnarchuk
      Deputy Clerk

MINUTE ORDER - 3