UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| VIVIAN BURNS, | | |
| | Plaintiff, | Case No. C20-1555RSM |
| v. | | MINUTE ORDER |
| INTERNATIONAL BUSINESS MACHINES CORPORATION, | | |
| | Defendant. | |

The following MINUTE ORDER is made by direction of the Court, the Honorable Ricardo S. Martinez, United States District Judge: This case has been closed since November 2021. On January 25, 2022, the Court stated it "will not consider further memoranda or declarations filed in this case that attempt to argue the merits of [Plaintiff's] dismissed claims." Dkt. #61 at 2. The Court has denied Rule 59 and Rule 60 motions and a motion for reconsideration filed by Plaintiff. Dkts. #57 and #64. On March 3, 2022, the Court struck Plaintiff's "2nd Motion for Substantive Due Process and Evidentiary Hearing" as duplicative. Dkt. #66. In that Minute Order, the Court stated it "will continue to strike further filings in this case that attempt to argue the merits of Plaintiff's dismissed claims or which seek relief that has already been denied." On March 10, 2022, the Court struck Plaintiff's "Motion for Declaratory

MINUTE ORDER - 1

Judgment" via Minute Order. Dkt. #70. The Court warned that "future filings presented for an improper purpose or with frivolous legal contentions may result in sanctions under Federal Rule of Civil Procedure 11." *Id*.

On March 18, 2022, the Court received a "Complaint" from Plaintiff with the case number C20-1555 RSM in the caption. It was initially unclear if Plaintiff was seeking to open a new case. Further review indicated that this was a "complaint" to the Court about issues in the instant case. The filing sought recusal of Judge Martinez in this or perhaps a future case filed by Plaintiff. Plaintiff reargued the merits of her claims and prior discovery issues. Plaintiff did not cite to any law or rules permitting her requested relief in a closed case. The Court, by Minute Order, struck the "Complaint" as moot. Dkt. #72.

On March 31, 2022, Plaintiff filed a "Motion to Vacate Void Judgment for Lack of Subject Matter Jurisdiction and Personal Jurisdiction." Dkt. #73. The Court found the filing frivolous, untimely, and moot, and struck it via Minute Order. Dkt. #74.

On September 26, 2022, Ms. Burns filed a 16-page "Motion to Show Cause Why Defendant Should Have Summary Judgment Contrary to Law." Dkt. #75. Ms. Burns addressed the merits of her case, repeated previously made arguments, and raised alleged rule-violations that the Court found to be frivolous, untimely, and moot. The Court struck the filing via Minute Order and stated that it would "continue to strike any filing by Ms. Burns that attempts to argue the merits of her dismissed claims or which seeks relief that has already been denied." Dkt. #78.

Ms. Burns appealed that Minute Order to the Ninth Circuit. Dkt. #79. On June 30, 2023, the appeal was dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2). Dkt. #84. The Ninth Circuit did not provide any new basis for Ms. Burns to continue with this case.

MINUTE ORDER - 2

On October 31, 2023, Ms. Burns filed an "Answer of Non-Frivolous Lawsuit," a "Motion to Continue with the Title VII Lawsuit for Ongoing Age and Disability Discrimination," and a "Motion for Leave to Proceed in Forma Pauperis." Dkts. #86 through #88. All three included the instant case number and attempted to argue the merits of her dismissed claims. The Court Struck all three by Minute Order. Dkt. #89.

In May, Ms. Burns filed a Motion to Appoint Counsel, a lengthy Declaration, and a Motion for Leave to Proceed In Forma Pauperis. Dkts. #90 through #92. All three included the instant case number. The declaration attempted to argue the merits of the dismissed claims and discussed the potential of filing a Rule 60(b) motion to vacate the judgment. The Court found that such a motion "would clearly be untimely as the judgment was entered on November 29, 2021." Dkt. #93. The Court noted that Ms. Burns has already been denied relief under Rule 60(b). *See* Dkt. #57.

Ms. Burns has now filed a motion to reopen this case under Rule 60. Dkt. #94. This Motion is clearly untimely based on everything above. The Court need not repeat its prior analysis and will simply say, again, that Ms. Burns has no valid basis to file anything in this closed case. Her claims have been dismissed and likely cannot be brought again because the underlying events occurred more than three years ago. Her frustrations with how the case was handled are not the proper subject of any request for Court action.

Given all of the above, the Court STRIKES Dkt. #94 as duplicative and moot.

DATED this 15th day of July, 2024.

RAVI SUBRAMANIAN, Clerk

By:   /s/ Serge Bodnarchuk
      Deputy Clerk

MINUTE ORDER - 3